# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL TISHGART<br>2200 Ben Franklin Parkway, Ste. 1805<br>Philadelphia, PA 19130<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KLICK USA, INC., d/b/a KLICK HEALTH<br>500 N. Michigan Avenue, Ste. 600<br>Chicago, IL 60611<br><br>　　　　Defendant. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Ariel Tishgart (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Klick USA, Inc. d/b/a Klick Health (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code 9-1100 *et seq.* ("PFPO"). [1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA and the PFPO once her administrative remedies are fully exhausted with the appropriate administrative agencies. Any claims under the PHRA/PFPO though would mirror the instant ADA claims identically.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a full-service marketing and commercialization agency for life sciences with numerous locations in North America, including several in the United States.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Defendant is an "employer" within the meaning of the ADA because Defendant employed at least fifteen (15) or more full-time employees within the present or preceding calendar year for at least twenty (20) calendar weeks and engages in a business that affects interstate commerce.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about February 1, 2021 as a Director of Brand Strategy until her termination on or about May 19, 2021.

12. At the outset of her employment, Plaintiff was supervised by Jamie Lutzky (Senior Vice President of Brand Strategy). After Lutzky began a maternity leave from Defendant, however, during the last two (2) months of Plaintiff's employment, she was supervised by Carl Turner (Chief Brand Strategy Officer).

13. Plaintiff has and continues to suffer from several disabilities, including but not limited to Anxiety, Depression, Bi-Polar Disorder, and Post Traumatic Stress Disorder ("PTSD").

14. As a result of Plaintiff's aforesaid health conditions, Plaintiff is, at times, limited in her ability to perform some daily life activities, including but not limited to communicating, concentrating, thinking, and working (as well as other daily life activities).

15. Despite her aforementioned long-term health conditions and limitations, Plaintiff has worked hard to mitigate the effects of those conditions through continued treatment, and has performed well in her area of expertise for many years without deficiency.

16. In this regard, Plaintiff was still able to perform the duties of her job very well with Defendants despite her conditions.

17. Plaintiff's job performance throughout her employment was exhibited not only by praise that she had received pertaining to numerous projects and from management, but also in that she had not received any disciplinary action, performance improvement plans, or other negative performance evaluations throughout her employment.

18. While she excelled in her duties during her employment with Defendant, however, the nature of Plaintiff's health conditions can, at times, become visible or otherwise manifest themselves in Plaintiff's demeanor and/or communication style.

19. Turner had significant problems with Plaintiff's health conditions. As a result, Turner began to verbally harass Plaintiff on a consistent basis throughout the remainder of her employment, including making numerous discriminatory comments to Plaintiff that she was "very talented" but:

   a. her personality "sucks";

   b. she is "too anxious" in relation to her anxiety;

   c. she is "a risk to the company," as if unpredictable due to her health conditions;

   d. her anxiety is a problem; and

   e. other discriminatory comments.

20. On several occasions, Plaintiff relayed to Turner, as well as other members of Defendants' management and Human Resources ("HR"), that she exhibits clinical anxiety because

she has clinical health and anxiety problems, which she takes medication and actively treats for, asking that the same be excused or at least understood.

21. In response to Plaintiff expressing concerns about Turner's aforementioned commentary and explaining her disabilities, Turner callously responded to Plaintiff without concern for her disabilities or how Defendant could work with her to accommodate the same, stating "you need to make a plan and tell me how you will get better and not just tell me who you are."

22. Plaintiff also raised concerns to Defendant's HR Department, including but not limited to Jane Watson. In response to Plaintiff's concerns, however, Defendant's HR similarly did not take any action to assist Plaintiff with her disabilities or to address her situation with management, but instead simply inquired as to whether Plaintiff was suicidal.

23. Shortly thereafter, Plaintiff was terminated for the entirely pretextual reason that she was simply "not a good fit" with the company, despite that she had not received any disciplinary action or negative performance evaluations during her employment.

24. Therefore, Plaintiff believes and avers that Defendant failed to accommodate her, subjected her to a hostile work environment, and terminated her because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; (4) her concerns of discrimination; and/or (5) Defendant's failure to properly accommodate Plaintiff.

**COUNT I**
**Violations of the Americans with Disabilities Act ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment;**
**[3] Retaliation; and [4] Failure to Accommodate)**

25. The foregoing paragraphs are fully incorporated herein as though set forth at length.

26. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including, but not limited to communicating, concentrating, thinking, and working (as well as other daily life activities).

27. Plaintiff kept Defendant's management informed of her serious health conditions and need for accommodations.

28. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants.

29. Plaintiff requested reasonable accommodations from Defendants, including but not limited to excusing and/or understanding her conditions when they would become visible through her demeanor or communication style.

30. Defendant, however, failed to properly engage in the interactive process with Plaintiff and/or accommodate Plaintiff as it pertained to her conditions, and instead began to harass Plaintiff on a consistent basis, including directly making negative comments about her conditions, until her separation.

31. Plaintiff was also terminated shortly after discussing her health conditions, requesting accommodations, and expressing concerns pertaining to Defendant's treatment of her with Defendant's management and HR, for a reason which was entirely pretextual.

32. Plaintiff believes and avers that Defendant failed to accommodate her, subjected her to a hostile work environment, and terminated her because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; (4) her concerns of discrimination; and/or (5) Defendant's failure to properly accommodate Plaintiff.

33. These actions constitute unlawful discrimination and retaliation pursuant to the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E. Plaintiff is to be given a jury trial as demanded in the caption of the instant Complaint.

                                                  Respectfully submitted,

                                                  **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                                                  Ari R. Karpf, Esq.
                                                  Timothy S. Seiler, Esq.
                                                  3331 Street Rd.
                                                  Two Greenwood Square, Suite 128
                                                  Bensalem, PA 19020
                                                  (215) 639-0801

Dated: October 1, 2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Ariel Tishgart<br>v.<br>Klick USA, Inc., d/b/a Klick Health | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 10/1/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2200 Ben Franklin parkway, Suite 1805, Philadelphia, PA 19130

Address of Defendant: 500 N. Michigan Avenue, Suite 600, Chicago, IL 60611

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/1/2021   _____   ARK2484 / 91538
              *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/1/2021   _____   ARK2484 / 91538
              *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TISHGART, ARIEL

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
KLICK USA, INC., D/B/A KLICK HEALTH

County of Residence of First Listed Defendant: Cook
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/1/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE